1999 OK CIV APP 44

**Jerry FINK and Carol Austin, Plaintiffs/Appellants,**

v.

**Kay CORLETT, Defendant/Appellee.**

**No. 90,463.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 19, 1999.

Gina J. Carrigan, Tulsa, Oklahoma, For Plaintiffs/Appellants.

Buckley W. Barlow, Tulsa, Oklahoma, For Defendant/Appellee.

### *OPINION*

GARRETT, Judge:

¶ 1 This case involves the right of visitation by a grandparent with his or her grandchild contrary to the wishes and without the consent of the child's parents. Appellant, Jerry Fink, and Appellee, Kay Corlett, formerly were husband and wife. Their son is the natural father of the minor child that is the subject of this appeal.[1] Appellant, Jerry, and Appellee, Kay, divorced. Jerry married Carol Austin, now Carol Fink.

¶ 2 Jerry Fink and Carol Fink filed a petition seeking to become adoptive parents of the child. Kay Corlett (Grandmother) sought grandparental visitation with the child in the adoption proceeding. The court entered a decree approving final adoption. The next day, after a hearing, the court entered an order granting extensive visitation rights to Grandmother. Several months later Jerry Fink and Carol Fink (Parents) moved to vacate the visitation order. They contended the order was unlawful and void because the grandparent visitation statute was unconstitutional, that a change of circumstances had occurred, and the child had been harmed by the forced visitation. The motion was denied and the parents appeal. The trial court treated it as a motion to modify. In addition, basic and fundamental constitutional rights of parents are involved. We hold the order of the court below is subject to review.[2]

¶ 3 For reversal, Parents contend the statute allowing visitation by a grandparent is unconstitutional.[3] The Supreme Court has re-

cently considered this matter in a case wherein the issues were the same as those involved here. *Herbst v. Sayre,* 1998 OK 100, 971 P.2d 395. In *Herbst,* a grandfather sought court ordered visitation rights with his grandchild. There, as here, the child's parents were married to each other and lived together with the child as an intact nuclear family, and both parents objected to any visitation of their child with the grandparent. Neither death of a parent, divorce, nor fitness of the parents was involved.

¶ 4 In *Herbst,* as here, there was no claim that the child was inadequately cared for or in danger of harm in the intact family unit. The grandparent in each case asserted that the child's best interests would be served by contact between child and grandparent. 10 O.S. Supp.1997 § 5(A)(1) was held to be unconstitutional as applied to the facts of that case. The parents' right to the companionship, care, custody and management of their child is a fundamental and constitutionally protected right. *Nelson v. Nelson,* 1998 OK 10, 954 P.2d 1219. The *Herbst* Court applied this rule to the right of permitting or refusing visitation with grandparents, under the same circumstances as exist in the instant case.

¶ 5 Therefore, *Herbst v. Sayre, supra,* is controlling here. We hold Oklahoma's grandparental visitation statute unconstitutional as applied here. On remand, the court is directed to vacate the order requiring the parents to permit visitation of their child with the grandmother. It becomes unnecessary to consider the other contentions of the parties.[4]

---

1. Neither the Child's natural father or natural mother are parties to this appeal. For reasons not material here, the natural parents' rights were terminated.

2. Jerry Fink and Carol Fink stand in the position of parents, not as grandparents, in this matter. See, 10 O.S. Supp.1998 § 7505–6.5, formerly 10 O.S.1991 § 60.16; *Herbst v. Sayre,* 1998 OK 100, 971 P.2d 395, 398 ¶ 10; *Leake v. Grissom,* 1980 OK 114, 614 P.2d 1107; and, *Matter of Estate of Flowers,* 1993 OK 19, 848 P.2d 1146.

3. This issue was considered in *McGuire v. Morrison,* 1998 OK CIV APP 128, 964 P.2d 966. Because of the Supreme Court decision in *Herbst v. Sayre,* we recede from the views expressed in *McGuire v. Morrison.*

4. We limit this decision, as did the Supreme Court in *Herbst v. Sayre,* to cases with facts substantially the same as those involved here.

¶ 6 The order of the trial court is reversed and this case is remanded for further proceedings in accordance with this opinion.

¶ 7 REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN, J., and BUETTNER, P.J., concur.